IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH S. BROWN, | : | Civil No. 1:21-CV-01828 |
| Plaintiff, | : | |
| v. | : | |
| SHANNON QUIGLEY, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is a motion to dismiss filed by Defendants Tony Iannuzzi ("Iannuzzi"), Dr. Stanley Stanish ("Stanish"), and Wellpath Health Services, Inc. ("Wellpath"). (Doc. 24.) For the reasons discussed below, the court will deny Defendants' motion to dismiss with respect to the Eighth Amendment claims against Defendants Iannuzzi and Stanish and will otherwise grant the motion. The court will dismiss the remaining claims without prejudice.

### **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Keith S. Brown ("Plaintiff") is a self-represented individual who is presently housed at the State Correctional Institution Frackville ("SCI-Frackville"). He filed an amended complaint on December 16, 2021, Doc. 21, which is the operative pleading in this case. It names thirteen defendants: (1) John Wetzel in his official capacity as the Secretary of the Pennsylvania Department of Corrections ("Wetzel"); (2) Shannon Quigley in her official capacity as the

1

Director of the Bureau of Health Care Services of the Pennsylvania Department of Corrections ("Quigley"); (3) Kathy Brittain in her official capacity as the Superintendent of the SCI Frackville ("Brittain"); (4) Tony Iannuzzi in his individual capacity; (5) S. Kephart sued in the official capacity as the Deputy Superintendent of SCI Frackville ("Kephart"); (6) Karen Holly in her individual capacity and in her official capacity as the hospital administrator of SCI Frackville ("Holly"); (7) Dr. Stanley Stanish in his individual capacity; (8) Russel Miller in his individual capacity ("Miller"); (9) Megan Delpais in her individual capacity ("Delpais"); (10) Correctional Officer Hale in his individual capacity ("Hale"); (11) Nurse Erin in her individual capacity ("Nurse Erin"); (12) Nurse Amber in her individual capacity ("Nurse Amber"); and (13) Wellpath Health Services, Inc. (Doc. 21.)

    The amended complaints brings six claims: (1) a Fourteenth Amendment claim against Defendants Wetzel, Quigley, Brittain, Kephart, Holly, Stanish, Miller, Delpais, Hale, Nurse Erin, and Nurse Amber; (2) an Eighth Amendment denial of medical care claim against Defendants Wetzel, Brittain, Kephart, Holly, and Stanish; (3) an Eighth Amendment denial of medical care claim against Defendants Brittain, Iannuzzi, Kephart, Holly, Stanish, Miller, Delpais, Hale, Nurse Amber, and Nurse Erin; (4) an Eighth Amendment denial of medical care claim against Defendant Wellpath; (5) a medical negligence claim against

Defendants Brittain, Iannuzzi, Kepart, Holly, Stanish, Miller, Delpais, Hale, Nurse Amber, and Nurse Erin; and (6) a claim of intention infliction of emotional distress against Defendants Brittain, Iannuzzi, Kepart, Holly, Stanish, Miller, Delpais, Hale, Nurse Amber, and Nurse Erin. (Doc. 21, ¶¶ 132–142.)

On December 16, 2021, Defendants Iannuzzi, Stanley, and Wellpath, represented by Attorney Caitlin Goodrich, filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) along with a brief in support of that motion. (Docs. 24, 25.) The court ordered Plaintiff to respond to this motion on June 30, 2022. (Doc. 84.)[1] Plaintiff filed what the court will construe as a motion to dismiss Defendants' motion to dismiss, Doc. 92, and a brief in support, Doc. 93, on August 11, 2022. Defendants did not reply to Plaintiff's briefing. The December 16, 2021 motion to dismiss, Doc. 24, is now ripe to be addressed by the court.

## JURISDICTION

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue

---

[1] The state of the remining claims in this case has been rendered confusing because of Defendants' multiple motions to dismiss. *See* Doc. 84. Currently, all claims against Defendants Wetzel Quigley, Brittain, and Kephart have been dismissed. (Doc. 90.) The claims against Defendant Holly have survived a Rule 12(b)(6) challenge. (*Id.*) Defendant Miller has not yet been served with the amended complaint. (Doc. 85.) The court has granted leave to Defendants Hale, Delpais, Nurse Amber, and Nurse Erin to renew their Rule 12(b)(6) challenges. (Doc. 84.) However, no motion has been filed as of the date of this order.

is proper in this district because the alleged acts and omissions giving rise to the claims occurred at FCI-Frackville, located in Schuylkill County, Pennsylvania, which is located within this district. *See* 28 U.S.C. § 118(b).

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d. Cir. 2020).

When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

The pleadings of self-represented plaintiffs are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), as amended (Mar. 24, 2015). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014). A complaint that sets forth facts which affirmatively demonstrate that the

plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

### AMENDED COMPLAINT

Plaintiff's amended complaint, Doc 21, sets forth the facts which govern the consideration of the pending motion to dismiss. The twenty-seven page pleading provides a detailed description of Plaintiff's chronic medical complaints beginning in 1996, when he was shot in his left leg. (*Id*., ¶¶ 18–19). Plaintiff alleges that the bullet is lodged in his leg, and he subsequently had a metal plate and five screws surgically installed in his ankle. (*Id*.) The amended complaint sets forth an extended factual narrative describing various alleged failures by medical personnel at FCI-Frackville between 2017 and 2021 to adequately treat the medical complications stemming from this injury. (*Id*., ¶¶ 18–129). Thus, the gist of the action consists of claims of medical neglect and deliberate indifference lodged against multiple individual and institutional health care providers.

Plaintiff specifically alleges five claims involving Defendants Stanish, Iannuzzi, and Wellpath: (1) an Eighth Amendment claim against Stanish and Iannuzzi; (2) an Eighth Amendment claim against Wellpath; (3) a Fourteenth Amendment claim against Stanish; (4) a claim of medical negligence against Stanish and Iannuzzi; and (5) a claim of intentional infliction of emotional distress against Stanish and Iannuzzi.

## DISCUSSION

### A. Eighth Amendment Claim of Deliberate Indifference Against Stanish and Iannuzzi Will Not Be Dismissed.

Plaintiff raises an Eighth Amendment claim of deliberate indifference against Defendants Stanish and Iannuzzi. (Doc. 21, ¶¶ 134–35.) Prison officials violate the Eighth Amendment when they act with deliberate indifference to a prisoner's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). To sustain a constitutional claim under the Eighth Amendment for inadequate medical treatment, a plaintiff must make (1) an objective showing that his medical needs were serious, and (2) a subjective showing that the defendants were deliberately indifferent to those medical needs. *See Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Inst'l Inmates v. Lanzaro*, 834 F.2d 326, 346–47 (3d Cir. 1987) (citation omitted). A prison official is deliberately indifferent when he "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff's allegations in his complaint meet the objective showing that his medical needs were serious. Plaintiff had been under medical treatment for his left leg injury since 1996. (Doc 21, ¶¶ 19–21.) In fact, Defendants Stanish and

7

Iannuzzi are medical professional who had prescribed some of his treatment. (Doc. 21, ¶¶ 20–36, 39–40, 46–48, 50–52, 59.) Furthermore, Plaintiff alleges that when a member of prison staff saw his leg, the staff member stated he had to report the leg and wanted him to be seen by a medical processional immediately, i.e., it was so obvious that a lay person easily recognized the need for medical attention. (*Id.*, ¶ 82.)

Plaintiff's allegations also meet the subjective requirement by repeatedly alleging that Defendants were aware that his medical need was serious. (Doc. 21, ¶¶ 25–26, 33, 49–50, 55.) He further repeatedly alleges that despite this knowledge, Defendants disregarded his need for treatment. (*Id.*) Therefore, Plaintiff has alleged sufficient facts to survive a motion to dismiss the Eighth Amendment claim of deliberate indifference against Defendants Stanish and Iannuzzi.

### B. Eighth Amendment Claim Against Wellpath Will Be Dismissed Without Prejudice.

Plaintiff also brings an Eighth Amendment claim against Defendant Wellpath, which is a private corporation. (Doc. 21, ¶ 136.) A private corporation contracted by a prison to provide health care for inmates cannot be held liable on a *respondeat superior* theory; rather, it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs. *Natale v. Camden County Correctional Facility*,

318 F.3d 575, 583–84 (3d Cir. 2003).  Accordingly, to state a viable § 1983 claim against Defendant Wellpath, the amended complaint must set forth "facts to state a claim that [it] had a policy, custom, or practice, and that the policy, custom, or practice caused the constitutional violation at issue."  *See Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015) (quoting *Natale*, 318 F.3d at 583).

Plaintiff alleges liability based on *respondeat superior*, Doc. 21, ¶¶ 117–18, but this claim cannot proceed under *Natale*.  Plaintiff did not set forth any allegation regarding policy, custom, or practice as required by *Sims*.  Plaintiff's complaint references policy, but only when referring to why his request for an MRI and additional specialists were denied because of their budget and their policy. (Doc. 21, ¶ 89.)  However, this allegation is general and fails to challenge any specific policy of the private corporation that caused the alleged constitutional violation.  Therefore, the claim against Defendant Wellpath will be dismissed without prejudice.

### C. Fourteenth Amendment Claim Against Stanish Will Be Dismissed Without Prejudice.

Plaintiff brings a Fourteenth Amendment claim against Defendant Stanish alleging that he was treated differently from other similarly situated prisoners. (Doc. 21, ¶ 136.)  The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that "all persons similarly

9

situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Thus, to state a claim under the Equal Protection Clause, a plaintiff must allege that (1) he is a member of a protected class, and (2) he was treated differently from similarly situated inmates. *See id*.

Here, Plaintiff failed to allege that he is a member of a protected class. Skipping that required element entirely, he repeatedly references one other inmate who was not asked to perform his own wound cleaning and dressing as Plaintiff was instructed. (Doc. 21, ¶¶ 56, 78.) The court assumes that this is Plaintiff's assertion about how he was treated differently from similarly situated inmates. However, given the absence of any assertion about being a member of a protected class, Plaintiff's Fourteenth Amendment claim will be dismissed without prejudice.

### D. Medical Negligence Claim Against Stanish and Iannuzzi Will Be Dismissed Without Prejudice.

Plaintiff brings a state law claim of medical negligence against Defendants Stanish and Iannuzzi. (Doc. 21, ¶ 137.) In Pennsylvania, medical negligence, or medical malpractice, is defined as "the unwarranted departure from generally accepted standards of medical practice resulting in injury to a patient, including all liability-producing conduct arising from the rendition of professional medical services." *Toogood v. Owen J. Rogal*, D.D.S., P.C., 824 A.2d 1140, 1145 (Pa. 2003) (citing *Hodgson v. Bigelow*, 7 A.2d 338 (Pa. 1939)). To establish a cause of action for negligence under Pennsylvania law, a plaintiff must prove the following

10

elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages. *See Northwestern Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 139 (3d Cir. 2005) (citing *In re TMI*, 67 F.3d 1103, 1117 (3d Cir. 1995)).

Pennsylvania Rule of Civil Procedure 1042.3 requires a plaintiff alleging professional negligence to file a certificate of merit within 60 days of filing the complaint. Pa. R. Civ. P. 1042.3. The certificate must include one of the following: a written attestation by "an appropriate licensed professional" that there is a "reasonable probability that the care, skill or knowledge exercised or exhibited" by the defendant "fell outside acceptable professional standards," and that this was the cause of the plaintiff's injuries; a statement that the claim against the defendant is based only on the professional negligence of those for whom the defendant is responsible; or a statement that expert testimony is unnecessary for the plaintiff's claim to proceed. Pa. R. Civ. P. 1042.3(a)(1)-(3). Failure to file a certificate of merit is fatal to a plaintiff's claim. Pa. R. Civ. P. 1042.7.

The requirements of Rule 1042.3 are substantive in nature and, therefore, federal courts in Pennsylvania must apply these prerequisites of Pennsylvania law when assessing the merits of a medical malpractice claim. *See Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 262-65 (3d Cir. 2011); *Iwanejko v. Cohen & Grigsby*, P.C., 249 F. App'x 938, 944 (3d Cir. 2007). This requirement applies

with equal force to counseled complaints and to *pro se* medical malpractice actions brought under state law. *See Hodge v. Dep't of Justice*, 372 F. App'x 264, 267 (3d Cir. 2010) (affirming district court's dismissal of medical negligence claim for failure to file a certificate of merit).

The Pennsylvania Supreme Court has noted that "[b]ecause the negligence of a physician encompasses matters not within the ordinary knowledge and experience of laypersons[,] a medical malpractice plaintiff must present expert testimony to establish the applicable standard of care, the deviation from that standard, causation and the extent of the injury." *Toogood*, 824 A.2d at 1145. A very narrow exception applies "where the matter is so simple or the lack of skill or care is so obvious as to be within the range of experience and comprehension of even non-professional persons." *Hightower-Warren v. Silk*, 698 A.2d 52, 54 n.1 (Pa. 1997).

Here, Plaintiff has failed to supply the required certificate of merit within the 60-day time period provided by rule. Therefore, this claim will be dismissed without prejudice. *See Stoud v. Abington Mem. Hosp.*, 546 Supp. 2d 238, 250 (E.D. Pa. 2008) ("[T]he proper procedure in federal practice is to file with the Court a motion pursuant to Fed. R. Civ. P. 12(b) to dismiss the professional negligence claim without prejudice" based on this missing certificate of merit.).

12

### E. Intentional Infliction of Emotional Distress Claim Against Stanish and Iannuzzi Will Be Dismissed Without Prejudice.

Plaintiff brings a claim of intentional infliction of emotional distress against Defendants Stanish and Iannuzzi. (Doc. 21, ¶¶ 139–42.) A claim for intentional infliction of emotional distress under Pennsylvania law requires four elements: "(1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) it must cause emotional distress; and (4) the distress must be severe." *Bruffett v. Warner Commc'ns, Inc.*, 692 F.2d 910, 914 (3d Cir. 1982).

Defendants contend that this claim fails because Plaintiff has not pleaded extreme and outrageous conduct. (Doc. 25, pp. 23–27.) However, Plaintiff's amended complaint fails to properly allege the third and fourth elements of a claim for intentional infliction of emotional distress. Plaintiff repeatedly alleged intense pain and damages to his leg, ankle, and foot, but he failed to allege psychological symptoms. (Doc. 21.) While he generally asserts that he suffered distress, anxiety, and fear, Doc. 21, ¶ 140, he failed to allege facts in support of this assertion. In a single paragraph in reference to Defendant Stanish, he asserts that "as a result . . . plaintiff suffered intense pain for several days and emotional distress, because of the Defendants intentional deprivation." (*Id.*, ¶ 40.) However, he fails to assert the nature of the emotional distress. Therefore, he has failed to allege facts to support whether the emotional distress was severe. The court will dismiss the claim of intentional infliction of emotional distress without prejudice.

## CONCLUSION

For the foregoing reasons, the motion to dismiss filed by Defendants Stanish, Iannuzzi, and Wellpath will be granted in part and denied in part. Plaintiff's Eighth Amendment claim against Defendants Stanish and Iannuzzi will not be dismissed. The remaining claims will be dismissed without prejudice.

Before dismissing a civil rights complaint, a district court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245. Plaintiff will be granted leave to file an amended complaint, but he must clearly label the document as his second amended complaint and use the docket number assigned to this case. Further he is cautioned that any amended pleading filed with the court replaces all prior pleadings filed with the court. Therefore, Plaintiff must replead all remaining claims against Defendants, including those that were not dismissed by the court.

An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Court Judge  
Middle District of Pennsylvania

Dated: September 19, 2022